1  SHARTSIS FRIESE LLP
   RICHARD F. MUNZINGER (Bar #217902)
2  SANJEET S. GANJAM (Bar # 285615)
   SUZANNE S. ORZA (Bar #312906)
3  DIEGO B. FLORES (Bar #324603)
   ALEXANDER R. MORROW (Bar #341052)
4  rmunzinger@sflaw.com
   sganjam@sflaw.com
5  sorza@sflaw.com
   dflores@sflaw.com
6  amorrow@sflaw.com
   One Maritime Plaza, Eighteenth Floor
7  San Francisco, CA  94111-3598
   Telephone:    (415) 421-6500
8  Facsimile:    (415) 421-2922

9  Attorneys for Plaintiffs
   CI QUERCUS CORPORATION, INC., SAVATREE, LLC, and
10 ARBORWELL, LLC

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14 ARBORWELL, LLC, a California limited        Case No. 4:23-cv-02770-HSG
   liability company; CI QUERCUS
15 CORPORATION, INC., a Delaware               **PLAINTIFFS' OPPOSITION TO**
   corporation, and SAVATREE, LLC, a          **SORTWELL DEFENDANTS' REQUEST**
16 Delaware limited liability company,         **FOR JUDICIAL NOTICE**

17                      Plaintiff,

18        v.

19 ALERUS FINANCIAL, N.A.; ANDREW
   G. LAVELLE, an individual; NEIL
20 WOOLNER, an individual; MATT
   DICKINSON, an individual; KRIS
21 YAMAGUCHI, an individual; DOUG
   HAGGE, an individual; ARBOR MD TREE
22 CARE INC., a California corporation;
   ALVIN F. SORTWELL and ANNE B.
23 SORTWELL as Co-Trustees of the A&A
   SORTWELL FAMILY TRUST; and DOES
24 1 through 10, inclusive,

25                    Defendants,

26        and

27 ARBORWELL, INC. EMPLOYEE STOCK
   OWNERSHIP PLAN,
28                 Nominal Defendant.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

1   Plaintiffs Arborwell, LLC ("Arborwell"), CI Quercus Corporation, Inc. ("CI Quercus") and

2   SavATree, LLC ("SavATree," and collectively with Arborwell and CI Quercus, "Plaintiffs")

3   hereby oppose the Request for Judicial Notice (the "Request" or "RJN," Dkt. No. 57) in Support

4   of Defendants Alvin F. Sortwell and Anne B. Sortwell, as Co-Trustees of the A&A Sortwell

5   Family Trust ("Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint (the

6   "Motion," Dkt No. 56), through which Request Defendants ask that the Court take judicial notice

7   of certain matters pertaining to 2017, 2020, and 2022 Form 5500s for the "Arborwell, Inc.

8   Employee Stock Ownership Plan" (each, a "Form 5500," and collectively, the "Form 5500s"),

9   which are attached, respectively as Exhibits A–C to the Declaration of Thomas E. Clark, Jr. in

10  Support of Defendants' Motion (Dkt No. 56-1).

## I.   LEGAL STANDARD

This Court has explained the law governing judicial notice as follows:

> In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice
> rule and incorporation by reference doctrine.  *See* 899 F.3d 988 (9th Cir. 2018).
> Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not
> subject to reasonable dispute because it … can be accurately and readily determined
> from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.
> 201(b)(2).  Accordingly, a court may take "judicial notice of matters of public
> record," but "cannot take judicial notice of disputed facts contained in such public
> records."  *Khoja*, 899 F.3d at 999 (citation and quotations omitted).  The Ninth
> Circuit has clarified that if a court takes judicial notice of a document, it must
> specify what facts it judicially noticed from the document. *Id.* at 999.  Further,
> "[j]ust because the document itself is susceptible to judicial notice does not mean
> that every assertion of fact within that document is judicially noticeable for its
> truth."  *Id.*  As an example, the Ninth Circuit held that for a transcript of a
> conference call, the court may take judicial notice of the fact that there was a
> conference call on the specified date, but may not take judicial notice of a fact
> mentioned in the transcript, because the substance "is subject to varying
> interpretations, and there is a reasonable dispute as to what the [document]
> establishes." *Id.* at 999–1000.

*Baird v. Blackrock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 774–75 (N.D. Cal. 2019)

(Gilliam, J.) (alterations in original).

> *Khoja* further clarifies that

> [t]he overuse and improper application of judicial notice … can lead to unintended
> and harmful results.  Defendants face an alluring temptation to pile on numerous
> documents to their motions to dismiss to undermine the complaint, and hopefully
> dismiss the case at an early stage.  Yet the unscrupulous use of extrinsic documents
> to resolve competing theories against the complaint risks premature dismissals of
> plausible claims that may turn out to be valid after discovery.

899 F.3d at 998.  Thus, *Khoja* "forbids" litigants from "ask[ing] the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint[,]" and taking judicial notice under such circumstances "would improperly convert [a] Rule 12(b)(6) motion into a motion for summary judgment under Rule 56."  *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citation omitted) (discussing and applying *Khoja*).  Further, the burden of establishing that a fact is properly judicially noticeable rests with the party seeking judicial notice.  *See, e.g.*, *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011) ("The party requesting judicial notice bears the burden of persuading the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source 'whose accuracy cannot reasonably be questioned.'") (citation omitted)).

## II.  **ARGUMENT**

Here, Defendants fail to establish that the Court may properly take judicial notice of the Form 5500s or any portion thereof.  Defendants seek to rely on the Form 5500s to establish that the Arborwell, Inc. Employee Stock Ownership Plan (the "Plan") was terminated and participants' interests in the Plan were distributed "no later than May 31, 2022…."  *See* Motion at 5–8.  From that contention of fact, Defendants ask the Court to infer that Arborwell is situated similarly to former fiduciaries in other cases decided under ERISA and consequently lacks statutory standing to bring the instant action.  *See id.* at 11–12 (citations omitted).  Defendants also seek to rely on the 2020 Form 5500 to establish that the Plan received approximately $10.2 million, representing a doubled per-share stock price, "as part of" a 2020 stock sale, specifically "for stock that had been allocated to the Plan's participants from 2017 to 2020."  *Id.* at 5–8, 16–17.  Based on those contentions of fact, Defendants argue, the Court should infer that "there can be no loss to the Plan."  *Id.* at 16–17.

Defendants thereby invoke the Form 5500s to "ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint," *Rollins*, 338 F. Supp. 3d at 1031, namely, the factual averments upon which Plaintiffs base their contention that Arborwell <u>does</u> have standing to bring the instant action, *see, e.g.*, Plaintiffs'

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111-3598

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598

Opposition to Motion at 2–4 (discussing statutory standing), 7–9 (discussing constitutional standing). *Khoja*, however, underline forbids courts in the Ninth Circuit from granting such requests for judicial notice, which represent improper attempts to convert a motion to dismiss into a motion for summary judgment. *Rollins* 338 F. Supp. 3d at 1031 (citation omitted).

Compounding the Request's impropriety, Defendants go beyond merely (and improperly) directly controverting Plaintiffs' allegations based on matters set forth in the Form 5500; instead, they ask the Court to draw inferences in their favor. Specifically, Defendants rely on their contention, based on the 2017 and 2020 Form 5500s, that the Plan received approximately $10.2 million, representing a doubled stock price, in connection with a 2020 stock sale to support an inference that Defendants did not cause a cognizable injury to the Plan and thus Plaintiffs lack constitutional standing. *See* Motion at 5–8, 16–17. Defendants also rely on their contention, based on the 2020 Form 5500, that the Plan was terminated and participants' interests therein were distributed in May 2022 to support an inference that Plaintiffs are situated similarly to the plaintiffs in the authorities on which Defendants rely and thus lack statutory standing. *See id.* at 5–8, 11–12 (citations omitted). But drawing inferences in favor of the moving party would be inappropriate even in the context of a properly-presented summary judgment motion. *See*, *e.g.*, *Dzung Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (stating that in adjudicating a motion for summary judgment, "all justifiable inferences are to be drawn in [the non-moving party's] favor"). The instant Request is therefore an improper invitation to convert the Motion into one for summary judgment and improperly draw inferences in Defendants' favor in adjudicating that disguised motion. Defendants' contention that courts "routinely" take judicial notice of documents like the Form 5500s is irrelevant as the purpose for which those requests are made matter. *See* RJN at 1 (citation omitted).[1]

---

[1] Plaintiffs also note that, to the extent Defendants seek to argue that the fact of the Form 5500's existence (and the existence of certain statements therein) should nevertheless be judicially noticed, Defendants have failed to explain how those facts could be relevant other than as a basis for improper attempts to controvert factual allegations. *See generally* RJN. Accordingly, any effort to narrow the scope of the Request mid-briefing would be both tardy and meritless. *See*, *e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); *Padilla v. City of Richmond*, 509 F. Supp. 3d 1168, 1180 (N.D. Cal. 2020) ("As a general rule, courts do not consider arguments raised for the first time on reply." (citations omitted)).

III.     <u>CONCLUSION</u>

For the foregoing reasons, the Court should reject Defendants' attempt to convert the Motion into one for summary judgment and deny the instant Request.

Dated:  November 8, 2023                        SHARTSIS FRIESE LLP


                                                        */s/ Richard F. Munzinger*
                                                By:     RICHARD F. MUNZINGER

                                                Attorneys for Plaintiffs
                                                CI QUERCUS CORPORATION, INC.,
                                                SAVATREE, LLC, and
                                                ARBORWELL, LLC

Case No.
4:23-cv-02770-HSG

OPPOSITION TO SORTWELL DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111-3598