UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARBORWELL, LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALERUS FINANCIAL, N.A., et al.,<br><br>    Defendants. | Case No. 23-cv-02770-RFL<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DENYING REQUESTS FOR JUDICIAL NOTICE AS MOOT**<br><br>Re: Dkt. Nos. 56, 57, 58, 60, 61, 63, 64, 69 |

Plaintiffs are the new owners of a commercial tree care company, and two affiliated entities. Plaintiffs have sued the former owners and an associated trustee for breach of fiduciary duties under ERISA in connection with the sale of the company in 2020. They have also sued the former owners, other former employees of the tree care company, and competitor Arbor MD Tree Care, Inc. for misappropriation of trade secrets under the federal Defend Trade Secrets Act and various state law claims, in connection with actions allegedly taken after the 2020 sale. Defendants' motions to dismiss the federal claims are **GRANTED**, for the reasons explained below. The Court declines to exercise supplemental jurisdiction over the state law claims, which are dismissed without prejudice to refiling in state court. This ruling assumes the reader is familiar with the facts, applicable law, and the arguments made by the parties.

*ERISA claims.* Defendants' Rule 12(b)(1) motions to dismiss the ERISA claims, which are the first through fourth causes of action, for lack of Article III standing are granted. Article III of the Constitution requires plaintiffs bringing suit in federal court to show (1) that they suffered an injury-in-fact that is concrete, particularized, and actual or imminent, (2) that the injury was likely caused by the defendant, and (3) that the injury would likely be redressed by

1

the requested judicial relief. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "There is no ERISA exception to Article III." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 547 (2020). ERISA plaintiffs, like all other plaintiffs in federal court, must demonstrate that they have a "concrete stake in th[e] dispute." *Id.*

Plaintiffs do not satisfy that requirement. Plaintiffs are the new owners of the tree care business, and its affiliated business entities. Plaintiffs allege that, in 2017, Andrew LaVelle, Neil Woolner, and Alvin and Anne Sortwell sold their commercial tree care services company, Arborwell, Inc., to their employees as part of an Employee Stock Ownership Plan (the "Plan") governed by ERISA. (Dkt. No. 45, First Amended Complaint ("FAC"), ¶¶ 34–35.) As part of that transaction, the former owners loaned money to the Plan, which the Plan used to buy its shares in the company. (*Id.* ¶ 35.) The purpose of this transaction was allegedly to prepare the company to be sold to a third party. (*Id.* ¶ 36.) In 2020, Plaintiff CI Quercus bought the company for $34 million. (*Id.* ¶¶ 49–50, 52.) Part of that money went to pay back the loans from the former owners earlier than the due dates on those loans, and another part went to transaction costs and other debts. (*Id.* ¶ 50–51.) The Plan received the remainder, which was allegedly about $10.3 million of the total purchase price. (*Id.* ¶ 50, 52.) Alerus was the trustee of the Plan during the 2017 and 2020 transactions. (*Id.* ¶¶ 23, 43, 47–48.) Plaintiffs contend that Alerus and the former owners breached various fiduciary duties under ERISA to the Plan by allowing the former owners to take an unfairly large portion of the purchase price as an early payout on their loans. (*Id.* ¶¶ 51–54.)

Plaintiffs are not the employee-participants who would have allegedly gotten more money under the Plan if the former owners had not received the early payments on the loans. Instead, Plaintiffs are (1) the new owner CI Quercus; (2) the successor entity Arborwell, LLC, which is now owned by CI Quercus; and (3) SavATree, the trustee of the new 401k plan formed after the acquisition that "assumed the assets of the [Plan] participants who continued to be employed by Arborwell[, LLC] and who chose to roll over their interests in the [Plan] to the Arborwell/SavATree 401k Plan." (*Id.* ¶¶ 6, 15–16.)

2

Plaintiffs do not contend that they have themselves suffered any injury-in-fact from the alleged breaches of fiduciary duty, but instead argue that they may sue as trustees on behalf of the Plan's participants. Federal courts have permitted fiduciaries of ERISA plans to sue on behalf of plan participants, so long as those participants have suffered injuries in fact and have a concrete stake in the dispute. *See Thole*, 590 U.S. at 542 (recognizing the validity of this "trust-based theory of standing" in certain cases). No Plaintiff in this lawsuit, however, is a trustee acting on behalf of the Plan. Indeed, the Plan terminated after the sale and is no longer in existence, so it has no trustees. (FAC ¶ 6 (referring to the "2020 Sale and subsequent termination of the [Plan]").)

Plaintiff Arborwell, LLC contends that it was formerly a fiduciary of the Plan before it dissolved. But that does not give Arborwell, LLC a current basis to represent the Plan participants. "[A] former fiduciary no longer has an interest in protecting a plan to which it is now a complete stranger." *Chemung Canal Tr. Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 15 (2d Cir. 1991). Accordingly, federal courts have consistently held that ERISA does not give former fiduciaries the ability to sue on behalf of plan participants. *Id.*; *Blackmar v. Lichtenstein*, 603 F.2d 1306, 1310 (8th Cir. 1979); *see also Corbin v. Blankenburg*, 39 F.3d 650, 652–53 (6th Cir. 1994) (recognizing this principle, but not reaching the issue). At the hearing on the motions to dismiss, Plaintiffs argued that Arborwell, LLC could still be liable for past actions that it took or failed to take while it was a fiduciary. But that does not give Arborwell, LLC an ongoing fiduciary relationship with the Plan participants or a reason to defend their interests on an ongoing basis. Indeed, nothing ensures that Arborwell, LLC has an incentive to act in the interest of the Plan participants, some of whom are former employees who may have a contentious relationship with the new owners of the company.[1] This is the very danger against

---

[1] Plaintiffs observe that former Plan participants may sue for breach of fiduciary duties under ERISA in some circumstances. *See Pilkington PLC v. Perelman*, 72 F.3d 1396, 1398 (9th Cir. 1995). But former participants who have suffered injury-in-fact themselves from the alleged breaches are differently situated from former fiduciarieshave no "concrete stake" in the dispute. *See Thole*, 590 U.S. at 542.

which Article III's standing requirements seek to guard: a plaintiff with no "personal stake" who purports to represent the interests of other individuals, even though those other individuals have not sought court intervention and may have different interests. *See TransUnion*, 594 U.S. at 423.

Plaintiff SavATree argues that it is a "named fiduciary of the successor" to the Plan, because some former Plan participants remained employees after the 2020 sale and rolled over assets into the 401k plan of which SavATree is a fiduciary. (FAC ¶ 16.) The allegation that SavATree is the trustee of a "successor" plan is wholly conclusory, and appears contradicted by the allegation that SavATree administers a different 401k plan to which some employees have rolled over assets. Without more, the FAC does not sufficiently allege a plausible basis from which the Court could conclude that SavATree's 401k plan is the "successor" to Arborwell, Inc.'s original employee Plan. Moreover, even assuming SavATree were a successor, successor fiduciaries may only sue when "the predecessor fiduciaries are alleged to have caused injury to the plan that plaintiffs administer." *Pilkington*, 72 F.3d at 1398. There is no allegation here that SavATree's 401k plan or SavATree was injured by the conduct at issue.

The motions to dismiss the ERISA claims for lack of Article III standing are therefore granted. Although it seems doubtful that Plaintiffs could allege injury-in-fact given their lack of an ongoing relationship to the Plan participants, the Court cannot say at this juncture that amendment would be futile. Therefore, the dismissal is with leave to amend.

In the event Plaintiffs file a Second Amended Complaint, Plaintiffs should also be aware that the FAC lacks the necessary allegations to establish statutory standing under ERISA. *See* 29 U.S.C. § 1132(a)(2)–(3). As noted above, ERISA identifies the entities who may bring suit for violations, and the list does not include either former fiduciaries or fiduciaries of a successor plan that has not been injured. *Id.*; *see also Chemung*, 939 F.2d at 14–15; *Pilkington*, 72 F.3d at 1398. Any Second Amended Complaint would need to correct that deficiency too.

***Defend Trade Secrets Act ("DTSA") claim.*** The DTSA claim is dismissed with prejudice. The FAC does not allege that "the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1); *see also*

4

*DLMC, Inc. v. Flores*, No. CV 18-00352, 2019 WL 309754, at *2 (D. Haw. Jan. 23, 2019) (dismissing DTSA claim for failure to allege interstate nexus).  Plaintiffs allege that former owners LaVelle and Woolner bought another tree care competitor, Arbor MD, and recruited other Arborwell employees to join them there.  (FAC ¶¶ 115–29.)  According to Plaintiffs, the former owners and other former Arborwell employees misappropriated various trade secrets involving pricing, customer lists, and tree care plans, by taking that information from Arborwell to Arbor MD.  (*Id.* ¶¶ 130–58, 214–25.)  The FAC nowhere alleges that these trade secrets were used in or intended for use in interstate or foreign commerce.  Nor do the allegations concerning the trade secrets support such an inference.  To the contrary, the FAC describes Arborwell's sites as being "throughout the Bay Area and elsewhere in California," not in other states.  (*Id.* ¶ 78.)  Plaintiffs offer no opposition to dismissal of the DTSA claim on this basis.

The dismissal of the DTSA claim is without leave to amend.  As the motion to dismiss describes in detail, the alleged trade secrets all relate to providing tree care to customers in the Bay Area or California.  (Dkt. No. 60 at 17–18; *see also* FAC ¶¶ 20, 23, 25–30, 78, 112, 115, 131, 135, 140, 143, 145.)  Plaintiffs offer no response to the argument that the DTSA claim fails to allege an interstate nexus or that the alleged trade secrets all relate to tree care in California, and therefore concede those points.  *See Adam Askari D.D.S. Corp. v. U.S. Bancorp*, No. 5:21-CV-09750-EJD, 2022 WL 2161603, at *3 (N.D. Cal. June 15, 2022) (arguments are "conceded" if not opposed).  Given those concessions and Plaintiffs' failure to articulate any facts that they could plead to overcome this deficiency, leave to amend is denied because amendment would be futile.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("amendment would be futile" where the plaintiffs seeking leave to amend "fail to state what additional facts they would plead if given leave to amend").

***Jurisdiction Over Related State Law Claims.***  As the only federal claims asserted in the FAC have been dismissed, and there is no basis for diversity jurisdiction, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over the remaining state law claims.  This case is at an early stage of the proceedings, and concerns over "judicial economy,

5

convenience, fairness, and comity" weigh against exercising supplemental jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  The Court therefore dismisses those claims for lack of subject matter jurisdiction without prejudice to being refiled in state court, and does not reach the merits of the motions to dismiss those claims.

The dismissal is without leave to amend as to all state law claims, except the eighth cause of action for express contractual indemnity by Arborwell against Alerus.  Aside from the eighth cause of action, the state law claims all relate to allegations about recruiting employees and customers to Arbor MD and misappropriating trade secrets *after* the 2020 sale.  Those claims do not share a common nucleus of operative facts with the ERISA claims, which concern the terms of the 2020 sale and its negotiation.  *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).  Because the ERISA claims are the sole surviving federal claims on which leave to amend has been granted, and the ERISA claims cannot provide a basis for supplemental jurisdiction over state law claims concerning unrelated post-sale conduct, it would be futile to allow Plaintiffs to reassert those state law claims in an amended complaint.

***Requests for Judicial Notice.***  Because this ruling does not rely on any of the materials submitted for judicial notice, those requests are denied without prejudice as moot. (Dkt. Nos. 57, 61, 64, 69.)

\*     \*     \*

In sum, Defendants' motions to dismiss are **GRANTED**.  Plaintiffs may file a Second Amended Complaint that corrects the deficiencies in their ERISA claims (the first through fourth causes of action) and that invokes supplemental jurisdiction over the eighth cause of action under state law for express contractual indemnity by Arborwell against Alerus.  Any Second Amended Complaint must be filed within **21 days of this Order**.

The Second Amended Complaint may not reassert the DTSA claim or any of the other state law claims, which have been dismissed without leave to amend.  Moreover, the Second Amended Complaint may not add new causes of action, or add new allegations other than those

directed at addressing the deficiencies identified, without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

If no Second Amended Complaint is filed by the due date, the case will remain dismissed, judgment will be entered for Defendants, and the case will be closed.

**IT IS SO ORDERED.**

Dated: July 24, 2024

RITA F. LIN
United States District Judge